TRANSPORTATION MUTUAL INSURANCE COMPANY *vs.* JOHN J. MURPHY. November 14, 1979. This dispute concerning attorney's fees was referred to a master, the master's report was confirmed, and judgment was entered for the defendant in the amount of $52,650 on his counterclaim for the fair value of his services. There was no stenographic record, and the order of reference did not require the master to report the evidence. In such circumstances, the master's findings of fact are binding "unless they are mutually inconsistent, contradic-

tory, plainly wrong or vitiated in view of the controlling law." *Worm-stead* v. *Town Manager of Saugus,* 366 Mass. 659, 660 (1975). Contrary to the plaintiff's contention, there is no inconsistency between the master's findings relating to the previous practices of the defendant's former associate and the plaintiff, and the finding that the defendant did not have any arrangement with the plaintiff for the payment of fees. Although it would have been preferable for such arrangements to have been made so that controversy concerning compensation could have been avoided, see *McInerney* v. *Massasoit Greyhound Assn., Inc.,* 359 Mass. 339, 354-355 (1971), the master's finding, which is binding on us, is that none was made. In determining the amount of a reasonable fee, the master correctly applied the principles set forth in *Cummings* v. *National Shawmut Bank,* 284 Mass. 563, 569 (1933).

*Judgment affirmed.*

*Francis V. Matera* for the plaintiff.
*Neal C. Tully (Thomas E. Cargill, Jr.,* with him) for the defendant.